Harmail **SINGH**, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS**, Respondent.

No. 03–40155–AG.

United States Court of Appeals, Second Circuit.

April 11, 2006.

Harmail Singh, East Elmhurst, New York, for Petitioner, pro se.

David R. Dugas, United States Attorney, Catherine M. Maraist, Assistant United States Attorney, Baton Rouge, Louisiana, for Respondent.

PRESENT: Hon. JOHN M. WALKER, JR., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Harmail Singh, pro se, petitions for review of the BIA decision denying his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d. Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Singh's motion to reopen. To the degree that Singh's motion was a motion to reconsider, the BIA properly found that it was filed out of time under 8 C.F.R. § 1003.2(b)—i.e., the motion, which challenged the BIA's January 6, 2003 decision was filed on March 24, 2003, well beyond the regulatory, thirty-day filing deadline.

Further, the BIA's finding that the evidence submitted by Singh did not establish a *prima facie* case for eligibility for relief, was a rational conclusion and a proper basis for denying the motion. Notwithstanding Singh's claim in his brief to the BIA that he feared being arrested and tortured, due to the coming to power of the Congress Party in India and recent atrocities committed against the Sikh community there, the BIA reasonably found that Singh failed to show how the materials he submitted in support of his motion related to his particular claim "that he will be subject to harm if returned to India."

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).